TINOUSI JENNINGS as the Administratrix of the ESTATE and Widow of the Late DAVID ELI JENNINGS, and as Guardian Ad Litem for JOHN DAVID JENNINGS, a Minor; ZENOBIA ZELPHER JENNINGS; and CHRISTABEL LUPE JENNINGS, Plaintiffs

v.

WALLACE H. JENNINGS, JACK THOMPSON, ELIZA THOMPSON, TUA FALEMANU as the TERRITORIAL REGISTRAR, and AMERICAN SAMOA GOVERNMENT, Defendants

ESTATE OF DAVID JENNINGS, TINOUSI JENNINGS, Executrix

v.

JACK THOMPSON and ELIZA THOMPSON, Defendants

High Court of American Samoa
Trial Division
Land and Titles Division

CA No. 11-84
LT No. 54-90

July 22, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendants, Roy J.D. Hall, Jr.

On Motion for Reconsideration or New Trial:

At oral arguments heard on June 17, 1992, plaintiffs moved the Court for reconsideration or new trial on several grounds. First, they claim that the findings of fact are clearly erroneous or unsupported by the evidence. We decline to reconsider our decision or grant a new trial on this ground.

Plaintiffs also assert that the relief awarded was beyond the Court's authority. They claim that defendants Jack and Eliza Thompson did not file a compulsory counterclaim against the plaintiffs in accordance with T.C.R.C.P. 13(a) and thus are not entitled to any relief. This claim has no merit, as under T.C.R.C.P. 8(c), "[w]hen a party mistakenly designates . . . a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." The defendants did ask for the relief we granted in several of their asserted affirmative defenses. Misdesignation clearly occurred, but in the interests of justice, we have treated the pleading as if there were a proper designation. Thus, we also decline to grant reconsideration or a new trial on this ground.

Finally, plaintiffs assert that the Court's order exceeds the Court's authority because it affects property rights of persons who are not parties to this action. This claim does have merit. When the property was included in Alexander's estate, it was divided and distributed among over a dozen people, including David and Eliza. T.C.R.C.P. 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined* as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties." (Emphasis added.) In this case, the complete relief constructed by this Court must affect the rights of all of these heirs of Alexander, since the relief is based on Alexander's fiduciary relationship with Jack and his implied promise or constructive fraud with respect to the relationship, and all of the heirs received their interests from Alexander. It is possible that even if the Court were only to award the Jennings' 2/15 interest to the Thompsons, the remaining heirs would be collaterally estopped from later claiming that they own their interests because of the derivation from Alexander. Thus, the parties are necessary parties and the Thompsons, if they desire relief to be accorded in this case, must attempt to join the remaining heirs.

11

Several of these distributees have since died, and although most of these estates[1] are still open and can thus be joined by naming their administrators or executors, a few estates have been closed and the property in them distributed. The Thompsons will have to attempt to join the distributees of these closed estates as well, to bring all of the potential claimants before the Court. If the defendants are unable to bring some of the parties before the Court, we will then determine whether these parties are indispensable or whether the action can proceed despite their absence.

Even if no attempt to join the other heirs is made, we do not confirm the plaintiffs' 2/15 interest in the property. Plaintiffs' original prayer for relief is denied if such joinder is not attempted.

---

[1] The *Estate of Margaret Z. Jennings*, PR No. 39-88, may be helpful in determining which of Alexander's heirs are still alive and where they may be found.